IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| ESTELLE REEVES, ET AL. | § | |
|---|---|---|
| | § | |
| V. | § | CIVIL ACTION NO. G-06-113 |
| | § | |
| TEXAS CITY I.S.D, ET AL. | § | |

## OPINION AND ORDER

Before the Court is "Galveston County Criminal District Attorney's and the City of Texas City's Motion to Quash Subpoena or in the alternative Motion for In Camera Inspection" and the "Motion for Protective Order" of the Texas Department of Family and Protective Services; both Motions seek to avoid the production of records made confidential by § 261.201 of the Texas Family Code. Defendant Texas City Independent School District has responded to the Motions and filed its own Motion for Release of Documents under § 261.201(b). Defendant Mario Chapa has joined in the School District's response and Motion. The present dispute is over the production of documents and other evidence pertaining to investigations into the alleged sexual abuse of John Doe, the minor child who is the basis of this action.

On February 15, 2007, this Court conducted a Hearing on the pending Motions. All interested Parties were present and given the opportunity to be heard. After the Hearing, the Court conducted an in camera review of the requested information and determined that the disclosure of most of the requested information is essential to the administration of justice in this cause and is not likely to endanger the life or safety of the child who is the subject of the investigations, any persons making a report(s) to the investigators or any persons participating in the investigations.

It is, therefore, **ORDERED** that the Defendants' Motions (Instrument no. 17 and 21) are **GRANTED** and that copies of the requested information, as appropriately redacted by this Court, **WILL BE** tendered to the Parties, through counsel, subject to a confidentiality agreement between the Parties, **on February 23, 2007**, unless, prior to that time, any Party appeals this ruling to the District Court or efforts to draft a confidentiality agreement fail.

In light of the foregoing Order, and in deference to the State statute, it is further **ORDERED** that the Motion to Quash the Subpoenas (Instrument no. 14) served upon the Texas Department of Family and Protective Services, the Advocacy Center of Children of Galveston County, the Galveston County Sheriff's Department, and the City of Texas City Police Department are **QUASHED**.

It is further **ORDERED** that all costs incurred by the producing entities for the reproduction of copies, audio tapes and video tapes **SHALL** be reimbursed by each Party seeking production within 10 days following the production of the requested information.

**DONE** at Galveston, Texas, this _____20th_____ day of February, 2007.

_____
John R. Froeschner
United States Magistrate Judge