IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ESTELLE REEVES, ET AL. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-06-113 |
| | § | |
| TEXAS CITY I.S.D, ET AL. | § | |

**O R D E R**

Before the Court is "Plaintiffs' Opposed Motion to Extend the Deadline to Respond to Defendant Texas City ISD's Motion for Summary Judgment."

On February 2, 2007, the District Court referred this case to this Court "for ruling on all pretrial and/or dispositive motions." That Order expressly provided that the "(p)reviously established Docket Control Deadlines shall bind this case." On April 17, 2007, the Defendant, Texas City Independent School District (TCISD) filed a Motion for Summary Judgment. Fifteen days after the Motion was filed, and a mere five days before their response was due, Plaintiffs filed the instant Motion requesting an extension of time for filing their response until June 1, 2007, only three days before the current trial setting. The Plaintiffs argue that further discovery is needed. The Motion will be denied.

Under Rule 56(f), to obtain a continuance of the response date a non-movant must file a non-evidentiary affidavit explaining why it cannot oppose the Motion for Summary Judgment, Xerox Corp. v. Genmoora Corp., 888 F.2d 345, 354 (5th Cir. 1989). Reliance on an unsworn memorandum is improper, Union City Barge Line, Inc. v. Union Carbide Corp., 823 F.2d 129, 137 (5th Cir. 1987), although not necessarily dispositive. See Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986)   But, in either event, a party, as TCISD points out in its response, must show how additional time to conduct discovery will enable it to rebut the movant's contention

that no genuine issue of material fact exists. Bauer v. Albemarle Corp., 169 F.3d 962, 968 (5th Cir. 1999)

Upon careful consideration of the Plaintiffs' Motion, the Court is not persuaded that the additional discovery is needed in order to respond to TCISD's Motion. The Motion for Summary Judgment is grounded on whether or not the Plaintiffs can establish a custom, practice or policy of TCISD which was the moving force behind the alleged constitutional injuries suffered by John Doe. Dr. Lukefahr will not address this issue. The Plaintiffs already have access to their liability expert Dr. Dragan. The fact that some TCISD employees may have changed their stories is of no concern since the Court must view the evidence in the light most favorable to the Plaintiffs. Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986)   And the Plaintiffs cannot complain that the Defendants have not yet taken the depositions of John Doe's pediatrician or counselor.

Plaintiffs have failed to justify their request. Moreover, if this Court were to grant the continuance it would make it impossible for this Court to issue a timely Report and Recommendation as directed by the District Court, indeed, even under the present time constraints it will be difficult to do so. While this Court certainly has plenty of other work to do, and the Plaintiffs' request is inviting, it is **ORDERED** that the "Plaintiffs' Opposed Motion to Extend the Deadline to Respond to Defendant Texas City ISD's Motion for Summary Judgment" (Instrument no. 37) is, respectfully, **DENIED**.

**DONE** at Galveston, Texas, this _____3rd_____ day of May, 2007.

_____
John R. Froeschner
United States Magistrate Judge